## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE VEGA-COLON | : | 3:21-cv-00175-kad |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| LAYAU EULIZIER, | : | |
| TOWN OF WETHERSFIELD and | : | |
| JOHN DOES | : | |
| *Defendants* | : | APRIL 30, 2021 |

### ANSWER, AFFIRMATIVE DEFENSES AND JURY CLAIM OF LAYAU EULIZIER

1. This paragraph is not an allegation of fact and no response is required.

2. This paragraph is not an allegation of fact and no response is required.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. This defendant lacks the requisite knowledge to admit or deny the allegation and leaves the plaintiff to the proof.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

1
**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admitted that the Decedent did not intentionally strike the involved officer's vehicles, but denied as to all other allegations.

17. Denied

18. Denied that the decedent was unarmed, but admitted as to all other allegations.

19. Admitted.

20. Admitted.

21. Denied.

22. This defendant lacks the requisite knowledge to admit or deny the allegation and leaves the plaintiff to the proof.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Admitted.

28. Denied.

29. Denied.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. This defendant lacks the requisite knowledge to admit or deny the allegation and leaves the plaintiff to the proof.

39. Each and every answer to paragraphs 1 through 38 are repeated in answer to this paragraph.

40. Denied.

41. Admitted that that Eulizier did not give a verbal warning, but the defendant has insufficient knowledge and leaves it to the plaintiff's proof whether it was feasible to do so.

42. Denied

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Each and every answer to paragraphs 1 through 51 are repeated in answer to this paragraph.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Each and every answer to paragraphs 1 through 58 are repeated in answer to this paragraph.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Each and every answer to paragraphs 1 through 65 are repeated in answer to this paragraph.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Each and every answer to paragraphs 1 through 71 are repeated in answer to this paragraph.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Each and every answer to paragraphs 1 through 79 are repeated in answer to this paragraph.

81. Denied.

**FIRST AFFIRMATIVE DEFENSE:**

Plaintiff's complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

The actions and conduct of the defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which defendant was aware, and he enjoys qualified immunity from all liability therefor.

**THIRD AFFIRMATIVE DEFENSE:**

The actions and conduct of the defendant did not violate any clearly established constitutional or Federal statutory rights of which the defendant reasonably should have been aware, and he is therefore entitled to federal qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE:**

Any injury or damages suffered by the plaintiff, to the extent actually incurred, were caused by reason of the decedent's own criminal acts, reckless misconduct and negligence.

**FIFTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred by the doctrine of governmental immunity.

**SIXTH AFFIRMATIVE DEFENSE:**

The actions and conduct of the defendant, to the extent they occurred as alleged, were undertaken in the good-faith performance of his official duties, without malice, and were therefore privileged under the applicable state law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by Connecticut General Statutes § 53a-22, because the Defendant's use of force under the circumstances was reasonable and, therefore, privileged.

**EIGHTH AFFIRMATIVE DEFENSE**

The decedent's own criminal conduct constituted unenforceable criminal conduct and is a superseding cause absolving the defendant from liability.

**NINTH AFFIRMATIVE DEFENSE**

The negligence of the decedent is such that when compared to that of this defendant, it exceeds the negligence of this defendant, if any.

**TENTH AFFIRMATIVE DEFENSE**

Any damages to the decedent in this action were actually and proximately caused by his own negligence and any award based on negligence must be proportionately reduced.

**JURY CLAIM**

The Defendants claim trial by jury.

                                            BY /s/
                                            David C. Yale
                                            Federal Bar #ct26912
                                            Hassett & George, P.C.
                                            945 Hopmeadow Street
                                            Simsbury, CT 06070
                                            (860) 527-0353
                                            dyale@hgesq.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE VEGA-CRUZ | : | 3:21-cv-00175-kad |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| LAYAU EULIZIER, | : | |
| TOWN OF WETHERSFIELD and | : | |
| JOHN DOES | : | |
| *Defendants* | : | APRIL 30, 2021 |

### CERTIFICATE OF SERVICE

    I hereby certify that on the date first above a copy of the foregoing **ANSWER, SPECIAL DEFENSES AND JURY CLAIM OF LAYAU EULIZIER** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                BY /s/
                                David C. Yale
                                Federal Bar #ct26912
                                Hassett & George, P.C.
                                945 Hopmeadow Street
                                Simsbury, CT 06070
                                (860) 527-0353
                                dyale@hgesq.com