# Exhibit J

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY COLON AS ADMIN. OF THE | : | NO.: 3:21-cv-00175 (KAD) |
| ESTATE OF ANTHONY VEGA-CRUZ | : | |
| | : | |
| v. | : | |
| | : | |
| LAYAU EULIZIER, ET AL | : | JANUARY 15, 2023 |

### AFFIDAVIT OF PETER J. SALVATORE

I, Peter J. Salvatore, having been duly sworn, do hereby depose and say:

1.      I am over eighteen years of age;

2.      I believe in the obligation of an oath;

3.      I am an Officer with the Wethersfield Police Department, and held this position on April 20, 2019.

4.      On April 20, 2019, approximately 6:00 p.m. I was on routine patrol in the vicinity of Santander bank, which is located at 1221 Silas Deane Highway and was closed for business at the time.

5.      As of that date I was aware of reports of ATM tampering that resulted in theft of funds from bank customers.

6.      At the above date and time I noticed an Infiniti vehicle in the parking lot of the closed bank and decided to watch it.

7.      I observed the Infiniti vehicle move from the parking lot of the closed bank across the Silas Deane Highway to the parking lot of another closed bank.

8.      I could not see the occupant(s) of the Infiniti vehicle due to its dark tinted windows, and my vantage point, and had no idea of the race or number of the occupants.

9.      I saw the Infiniti had a registration place CT 484 YOS and determined it belonged to a different vehicle.

10.     I had probable cause to conduct a traffic stop of the Infiniti vehicle based on the illegal use of license plate.

1

**Exhibit J**

11.     The decisions whether to investigate, and how to investigate, for the possibility of a crime, and whether make a traffic stop of a motor vehicle operator based on probable cause are within my judgment and discretion.  There are no department policies mandating whether a traffic stop should be made under the specific circumstances presented on April 20, 2019.

12.     When the Infiniti left the parking lot and headed north on the Silas Deane Highway I decided to make a traffic stop.  I drove my police cruiser behind the Infiniti and activated my overhead lights, and the operator of the Infiniti pulled to the right hand side of the Silas Deane Highway.

13.     I exited my cruiser to approach the driver of the Infiniti and when I reached the area of the rear of the Infiniti the driver put the vehicle in gear and drove away northbound on the Silas Deane Highway.

14.     I rushed back to my police cruiser to follow in the direction of the Infiniti vehicle.  This was within my judgment and discretion to do so.

15.     Within 3 seconds of my placing my cruiser in "Drive" and moving forward I noticed the Infiniti spin out and lose control, approximately 200 feet ahead of me.

16.     I never got behind the Infiniti again, once it left the traffic stop.  After the Infiniti lost control it came to a stop facing southbound, in the southbound lane of Silas Deane Highway, and partly in the driveway to an adjacent business.

17.     As I approached the Infiniti with my cruiser, and it began to move quickly in reverse, resulting in the driver's side of the Infiniti striking the front right side of my cruiser.  It was within my judgment and discretion as a police officer how to approach do the Infiniti, and there was no department policy mandating the specific manner of how I was to act or react in this specific situation.

18.     The Infiniti continued its movement quickly in reverse, onto the Silas Deane Highway travel path, stopping in a location where Officer Layau Eulizier was directly in front of it.

19.     The Infiniti then moved forward from its stopped position, in the direction of Officer Eulizier who then fired his weapon.

20.     The Infiniti then moved slowly across the Silas Deane Highway and into the parking lot of a business, where it came to a stop.

21.     I did not know whether any occupant of the Infiniti was armed or injured at that time.

22.     I began to approach the stopped Infiniti on foot, and determined that because it was unknown whether any of the occupants was armed with a firearm,

2

**Exhibit J**

I should take cover rather than immediately approach, until the safety of such an approach could be determined.  There is no department policy mandating the specific manner of how an officer is to approach a vehicle under these circumstances, it is left to the officer's judgment and discretion.

23. Within a matter of minutes myself, other officers, and EMS personnel approached the Infiniti, saw the operator was injured, and emergency care was rendered to the operator.

24.     The video marked as Exhibit K to the Town of Wethersfield's Motion for Summary Judgment is a recording from my cruiser camera of the incident, from the perspective of my police cruiser.  This is the same video I was shown and gave testimony about during my deposition on June 30, 2022.

Dated at Wethersfield,  Connecticut, this 15th day of January 2023.

Peter J. Salvatore

STATE OF CONNECTICUT        )
                            )     ss.   Wethersfield
COUNTY OF HARTFORD          )

        Subscribed and sworn to before me this 15th day of January, 2023.

Commissioner of Superior Court
Notary Public
My commission expires:

3

**Exhibit J**