UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY COLON ) | 3:21-CV-00175 (KAD) |
| *Individually and as administrator of the* ) | |
| *Estate of Anthony Vega-Cruz* ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| LAYAU EULIZIER ET AL. ) | AUGUST 11, 2023 |
| *Defendant.* ) | |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 46)**

Kari A. Dooley, United States District Judge:

This case arises out of the shooting death of Anthony Vega-Cruz ("Vega-Cruz") on April 20, 2019 by Defendant Layau Eulizier, a former police officer with the Wethersfield Police Department. Plaintiff, Anthony Colon, filed this civil rights action as the administrator of the Vega-Cruz estate asserting, *inter alia*, that Eulizier's use of excessive force violated Vega-Cruz's Fourth Amendment rights under the United States Constitution. Plaintiff also sued the town of Wethersfield, as Eulizier's employer.[1] Pending before the Court is Defendant's[2] motion for summary judgment in which it asserts that it is entitled to judgment as a matter of law because the claim against Wethersfield is based on a *respondeat superior* theory of liability, which is barred by sovereign immunity, and which otherwise fails under Connecticut's statutory indemnification provisions. Plaintiff opposes summary judgment and asserts that there are issues of material fact as to whether Wethersfield may be held liable for Eulizier's actions. For the reasons that follow, Defendant's motion for summary judgment is GRANTED.

---

[1] All references to "Defendant" herein shall be to the town of Wethersfield.
[2] The motion is made on behalf of Defendants John Does 1 – 20 also "named" in the Complaint. In Plaintiff's opposition, however, he did not advance any claims or arguments regarding unidentified John Doe defendants and asserted that he is only pursuing claims against Wethersfield and Eulizier.

1

**Standard of Review**

The standard under which motions for summary judgment are decided is well known and well established. Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it "might affect the outcome of the suit under the governing law," while a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Significantly, the inquiry conducted by the Court when reviewing a motion for summary judgment focuses on "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*. at 250.

**Facts[3]**

On April 20, 2019, Plaintiff's decedent, Anthony Vega-Cruz, was operating an Infiniti on or near the Silas Deane Highway in Wethersfield, Connecticut. Officer Peter Salvatore of the Wethersfield Police Department ("WPD") observed Vega-Cruz's vehicle in the driveway of a Santander Bank with a left-turn signal activated. The vehicle remained in the driveway even after the traffic pattern would have allowed Vega-Cruz to turn northbound onto the Silas Dean Highway. Officer Salvatore ran Vega-Cruz's license plate through his cruiser's system, which revealed that the plates were tied to the registration of a Hyundai in Bristol, Connecticut, which indicated a misuse of Connecticut license plates. When Vega-Cruz's vehicle turned onto the Silas Dean Highway, Officer Salvatore decided to conduct a motor vehicle stop. When Officer Salvatore

---

[3] This summary is comprised of facts taken from the parties' respective Local Rule 56(a) statements and derives principally from those facts about which there is no dispute. Although there are significant disagreements as to how the events of April 20, 2019 unfolded, for purposes of this decision, these factual disputes are immaterial to the question of the Defendant's liability.

activated his lights to conduct the stop, the Infiniti pulled over, and Salvatore exited his vehicle. As Officer Salvatore approached, Vega-Cruz drove away northbound on the Silas Deane Highway, and Officer Salvatore requested assistance over the radio.

Defendant Officer Eulizier was in the same vicinity, heard the request for back up, and decided to assist Officer Salvatore. At this point, the parties' narratives diverge as to what Eulizier did, each citing to the DashCam videos from both police cruisers. Ultimately, the parties agree that Vega-Cruz lost control of the Infiniti, spun out and came to a stop, facing southbound in front of a parking lot of the Wethersfield Pizza House. Although in disagreement as to why, the parties agree that Officer Eulizier's car collided with the Infiniti.

After Officer Eulizier's vehicle blocked the Infiniti from proceeding southbound, he exited his vehicle with his firearm drawn. Officer Salvatore arrived on the scene, and he too struck the Infiniti with his cruiser. Vega-Cruz continued to drive, now in reverse, aligning the front of his vehicle with the northbound lane. Officer Eulizier stepped around Officer Salvatore's vehicle, pointed his firearm at the Infiniti, and ordered the driver to show his hands. The vehicle, now facing northbound, began to move forward. Officer Eulizier fired two shots into the windshield, one of which killed Vega-Cruz.[4]

**Discussion**

In his Complaint, Plaintiff does not identify any specific theory of liability with respect to Defendant. However, in opposition to Wethersfield's motion for summary judgment, Plaintiff clarifies that he is "only bringing suit against the City of Wethersfield on a theory of vicarious liability." *See* Pl. Opp., ECF No. 49, at 5. Plaintiff asserts both common law *respondeat superior*

---

[4] The Court notes that by memorandum of decision issued today, the Court denied Defendant Eulizier's motion for summary judgment and determined that there were genuine issues of material fact as to whether his use of deadly force was excessive or whether Defendant Eulizier is entitled to qualified immunity.

liability for Eulizier's negligence, as well as municipal liability pursuant to Conn. Gen. Stat. §§ 7-308[5] and 7-465.[5] In reply, Wethersfield argues that there is no common law liability premised upon *respondeat superior*, as such claims are barred by sovereign immunity. Further, Defendant asserts that Plaintiff may not rely upon Conn. Gen. Stat. §7-465 because Plaintiff did not meet the statutory prerequisites for bringing such a claim. Finally, Defendant argues that even if the statute's requirements were met, it does not provide municipal liability for the willful or wanton acts of a municipal employee, as are alleged here. The Court agrees with Defendant.

*Respondeat Superior Liability*

First, it is well-established that common law claims against a municipality for the negligent acts of its employees under the doctrine of *respondeat superior* are barred by sovereign immunity. *See Sanzone v. Board of Police Comm'rs,* 219 Conn. 179, 193 (1991) ("[a]t common law, municipal officers were liable for their own torts, but the municipality, their municipal 'master,' was not vicariously liable for those torts."); *see also Caruso v. City of Milford,* 75 Conn. App. 95, 99, 815 A.2d 167, *cert. denied*, 263 Conn. 907, 819 A.2d 838 (2003) ("Generally, a municipality is immune from liability unless the legislature has enacted a statute abrogating such immunity."). Thus, to the extent Plaintiff relies upon the common law doctrine of *respondeat superior*, that claim against Defendant fails.

However, Section 7-465 allows an action for indemnification against a municipality in conjunction with a common-law action against a municipal employee. *See Gaudino v. Town of Hartford*, 87 Conn. App. 353 (2005). The statute abrogates municipal immunity and allows a claim directly against a municipality when brought in conjunction with a claim against the municipal employee, as is the case here. *See id.* But "[s]tatutes that abrogate or modify governmental

---

[5] The Court notes that Section 7-308 provides indemnification for firefighters and has no application to the claims brought here.

4

immunity are to be strictly construed…This rule of construction stems from the basic principle that when a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction." *Tryon v. Town of North Branford,* 58 Conn. App. 702, 720, 755 A.2d 317 (2000). Accordingly, when bringing a claim against a municipality pursuant to Section 7-465, a plaintiff must comply with the statutes' prerequisites. *See Gaudino,* 87 Conn. App. at 356; *see also*, *Spears v. Garcia,* 66 Conn. App. 669, 680, 785 A.2d 1181 (2001), *aff'd*, 263 Conn. 22, 818 A.2d 37 (2003) (finding that a party may rely on Section 7-465 if they meet the requirements therein.).

> Section 7-465 provides in relevant part:
>
> No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose *and written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued.*

Conn. Gen. Stat. § 7-465(a) (emphasis added). Defendant asserts, and Plaintiff does not dispute, that Plaintiff did not comply with any of these procedures. Accordingly, Plaintiff's claim for municipal liability under §7-465 fails as well. *See e.g., Gaudino*, 87 Conn. App. at 358 (finding summary judgment proper where plaintiffs brought claims under Section 7-465 but did not bring an action against any employees, as required by the statute).[6]

**Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment (ECF No. 46) is GRANTED.

---

[6] Because Plaintiff did not assert any a claim under Conn. Gen. Stat. Section 52-577(n), the Court does not reach Wethersfield's alternative arguments as to the applicability and impact of that statute on this case.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of August 2023.

                                       _/s/ Kari A. Dooley_
                                       KARI A. DOOLEY
                                       UNITED STATES DISTRICT JUDGE