UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY COLON ) <br> *Individually and as administrator of the* ) <br> *Estate of Anthony Vega-Cruz* ) <br>   *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> TOWN OF WETHERSFIELD ET AL. ) <br>   *Defendant.* ) | 3:21-CV-00175 (KAD) <br><br><br><br><br><br><br> MARCH 22, 2024 |

## MEMORANDUM OF DECISION
## RE: PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 63)

Kari A. Dooley, United States District Judge:

  This case arises out of the shooting and subsequent death of Anthony Vega-Cruz ("Vega-Cruz") on April 20, 2019, by Defendant Layau Eulizier a former police officer with the Wethersfield Police Department. Plaintiff, Anthony Colon, filed this civil rights action as the administrator of the Vega-Cruz estate asserting, *inter alia,* that Officer Eulizier's use of excessive force violated Vega-Cruz's Fourth Amendment rights under the United States Constitution. Plaintiff also brought claims against the Town of Wethersfield (the "Town "or "Wethersfield") alleging vicarious liability for the actions of Defendant Eulizier. On August 14, 2023, the Court granted the Town's motion for summary judgment, in part, because Plaintiff had not satisfied the statutory notice requirements before commencing an action against the Town pursuant to Conn. Gen. Stat. § 7-465. Pending before the Court is Plaintiff's motion for reconsideration in which he asserts that Plaintiff did, in fact, provide written notice to Wethersfield of his intention to commence an action pursuant to Connecticut's municipal indemnification statute, Conn. Gen. Stat. § 7-465. The Town opposes reconsideration and asserts that Plaintiff's basis for seeking reconsideration is immaterial because Plaintiff never actually sued Wethersfield pursuant to Conn.

1

Gen. Stat. § 7-465. For the reasons that follow, Plaintiff's motion for reconsideration is GRANTED but the relief requested is DENIED.

**Standard of Review**

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. (quoting *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995)). "If 'the moving party is seeking solely to relitigate an issue already decided,' the court should deny the motion for reconsideration and adhere to its prior decision." *Collins v. Blumenthal*, 581 F. Supp. 2d 289, 290 (D. Conn. 2008) (quoting *Shrader*, 70 F.3d at 257) (alterations omitted); *see also Young v. Choinski*, 15 F. Supp. 3d 194, 197 (D. Conn. 2014) ("It is well-settled that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'") (quoting A*nalytical Surveys, Inc. v. Tonga Partners, L.P*., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks omitted)).

**Discussion**

A discussion of how we got here is necessary. Perhaps the root cause of the problem is that Plaintiff's allegations as to the basis upon which he sought to hold the Town vicariously liable was unclear in the Complaint, which caused the Town to seek summary judgment on a multitude of bases, to include the inapplicability of § 7-465. Upon receipt of the motion for reconsideration, it

became apparent that the issue of the Town's liability pursuant to § 7-465 had not been accurately or adequately submitted for the Court's consideration. Accordingly, the basis for the Court's decision—that Plaintiff failed to comply with the statute's notice provisions—was incorrect. Accordingly, in an attempt to identify the actual issue as to the statute's application, the Court issued the following Order, ECF No. 65:

> ORDER FOR SUPPLEMENTAL BRIEFING. In its summary judgment briefing, the Town of Wethersfield initially asserted that Plaintiff had failed to rely upon any statute as abrogating the town's immunity and that Plaintiff "failed to name an agent, officer or employee of the municipality and to invoke indemnification pursuant to Section 7-465." …
>
> The *only* response offered by Plaintiff was to assert that "Plaintiff is only bringing suit against the City of Wethersfield on a theory of vicarious liability." He makes no mention of indemnification but thereafter asserts that Wethersfield is vicariously liable for Officer Eulizier's negligence pursuant to Conn. Gen. Stat. §§ 7-3081 and 7-465. The first statute he cited is irrelevant, and the law is clear that Section 7-465 provides not for vicarious liability, but for indemnification derivative of an employee's liability in negligence. *See Kaye v. Town of Manchester*, 20 Conn. App. 439, 44344, 568 A.2d 459, 46162 (1990) ("while § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment...it is quite clear that the municipality does not assume the liability in the first instance...The municipality's liability is derivative.") (cleaned up). Plaintiff did not further address his reliance on Section 7-465 or his compliance with its provisions. Nor did Plaintiff correct Wethersfield's erroneous statement that Plaintiff failed to cite any statutory authority for abrogating the town's immunity, either directly or by citation to the Complaint. It is also apparent that Plaintiff did not recognize his oversight with respect to whether the purported notice was attached to the Complaint.
>
> In Reply, Wethersfield asserted that Plaintiff would have been required to send a notice of intent to sue under Conn. Gen. Stat. § 7-465, made within six months of the use of deadly force on Plaintiff's decedent, "which was not provided as an attachment to the Complaint or referenced in the Complaint." The reasonable inference to be drawn, and which the Court did draw, is that no such notice was sent. To that end, Wethersfield's brief was misleading. Even so, Plaintiff did not seek permission to file a sur-reply to correct this misimpression nor otherwise address his own oversight that the notice was not attached to the Complaint.
>
> In sum, Plaintiff's summary judgment briefing was incomplete, inaccurate, and undeveloped in terms of the claims against the municipality. Defendant's briefing was also inaccurate in terms of whether the Complaint referenced Section 7-465.

3

It is now clear that the Court did not appreciate this inaccuracy.

The Court further observes that it did not reach Wethersfield's alternative argument that Section 7-465 cannot be relied upon insofar as the allegations against Officer Eulizier are of intentional misconduct. Plaintiff did not brief this issue.

In the supplemental briefing, Plaintiff argues that he *did* comply with the notice requirement of § 7-465, and thus the Court should overturn its order granting summary judgment for Wethersfield. In response, Wethersfield makes clear that in its motion for summary judgment it was not challenging Plaintiff's compliance with the notice provisions of § 7-465. Rather it argued that Plaintiff *had not actually sued* Wethersfield for indemnification under § 7-465. Plaintiff responds that the reference in the Complaint to § 7-465 adequately invokes the Town's indemnification liability. It is this issue on which the motion for reconsideration turns.[1]

Section 7-465 provides, in relevant part, that "[a]ny town, city or borough…shall pay on behalf of any employee of such municipality…all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person…if the employee, at the time of the occurrence…was acting in the performance of his duties and within the scope of his employment, and if such occurrence…was not the result of any wilful or wanton act of such employee…" The statute further requires that any such action be "commenced within two years after the cause of action therefor arose and written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed

---

[1] It is remarkable that, at this late stage of the litigation—after the completion of discovery, summary judgment adjudication, and now on a motion for reconsideration—that the Court is adjudicating the heretofore undeveloped argument that Plaintiff brought a valid claim against the municipality under § 7-465. It is especially concerning considering that the requirements for asserting a claim under § 7-465 have been clearly articulated by Connecticut courts for decades. *See infra.*

4

...

...

with the clerk of such municipality within six months after such cause of action has accrued." Conn. Gen. Stat. § 7-465(a).[2]

Under Connecticut law, "[s]tatutes that abrogate or modify governmental immunity are to be strictly construed," based on the "basic principle that when a statute is in derogation of common law or creates a liability where formerly none existed, it should receive strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction." *Tryon v. Town of N. Branford*, 58 Conn. App. 702, 720 (2000) (quoting *Rawling v. New Haven,* 206 Conn. 100, 105 (1988)). Therefore, when bringing a claim against a municipality pursuant to § 7-465, a plaintiff must comply with the statute's prerequisites. *See Gaudino v. Town of Hartford*, 87 Conn. App. 353, 356 (2005). And the Connecticut Supreme Court has articulated those prerequisites.

"A claim for indemnification against a municipality under §7-465 is entirely dependent upon establishing liability against a municipal employee." *Bonington v. Westport*, 297 Conn. 297, 316 (2010). "A plaintiff bringing a suit under General Statutes Section 7-465 first must allege **in a separate count** and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." *Wu v. Town of Fairfield*, 204 Conn. 435, 438 (1987) (emphasis added) (internal citations and quotations omitted). To establish liability of the municipality under § 7-465, the "complaint should be in two counts: the first, alleging the facts essential to the legal liability of the employee, and the second, the facts essential to the legal liability of the municipality under the statute." *Martyn v.*

---

[2] In the Court's ruling on the Town's motion for summary judgment, the Court held "Defendant asserts, and Plaintiff does not dispute, that Plaintiff did not comply with any of these procedures. Accordingly, Plaintiff's claim for municipal liability under § 7-465 fails as well. *See e.g., Gaudino*, 87 Conn. App. at 358 (finding summary judgment proper where plaintiffs brought claims under Section 7-465 but did not bring an action against any employees, as required by the statute)." ECF No. 62 at 5.

*Donlin*, 148 Conn. 27, 32 (1961). *See also Caruso v. Milford,* 75 Conn. App. 95, 100 n.5, cert. denied, 263 Conn. 907 (2003) (same); *Skrobacz v. Sweeney*, 49 Conn. Supp. 15, 23 (Super. Ct. 2003) (same).

Here, while Plaintiff may have provided notice of his intent to sue Wethersfield, he did not actually do so, and the time within which to do so has long since passed. The First Amended Complaint[3] does not assert a claim under § 7-465. There is no separate count of the First Amended Complaint naming Wethersfield as the Defendant and seeking liability under the statute. Indeed, the word indemnification appears nowhere in the First Amended Complaint. The Town is named in Count Three, sounding in battery, Count Four, sounding in negligence, and Count Five, sounding in wrongful death. But § 7-465 does not impose direct liability for any of these causes of action. "While § 7–465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment under certain prescribed conditions, it is quite clear that the municipality does not assume the liability in the first instance." *Fraser v. Henninger,* 173 Conn. 52, 56 (1977) (internal citations and quotations omitted). *See also Kaye v. Town of Manchester*, 20 Conn. App. 439 (1990) (same).

As such, whether Plaintiff complied with the notice requirement of § 7-465 is immaterial to the Court's granting of summary judgment in favor of Wethersfield.

**Conclusion**

---

[3] The First Amended Complaint at ECF No. 72 is now the operative complaint in this case. Plaintiff filed the First Amended Complaint on August 30, 2023, removing any language referencing willful, wanton, malicious, or reckless conduct on the part of Defendant Officer Eulizier in Counts One and Two. The edits attempted to address the Town's argument that § 7-465 was inapplicable because the allegations against Officer Eulizier were of intentional conduct. Because the Court concludes that Plaintiff did not properly sue Wethersfield pursuant to § 7-465, whether Officer Eulizier's conduct is alleged to have been negligent or intentional is of no moment.

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 45) is GRANTED insofar as the Court has reconsidered the Town's motion for summary judgment regarding the applicability of § 7-465 but DENIED as to the relief sought.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of March, 2024.

                                            */s/ Kari A. Dooley*
                                            KARI A. DOOLEY
                                            UNITED STATES DISTRICT JUDGE