UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY COLON, Administrator of the Estate of Anthony Vega-Cruz | *Plaintiff* | 3:21-cv-00175-KAD |
| v. | | |
| LAYAU EULIZIER, TOWN OF WETHERSFIELD and JOHN DOES | *Defendants* | APRIL 15, 2025 |

**PLAINTIFF'S MOTION *IN LIMINE* NO.1 TO EXCLUDE POST-INCIDENT AGENCY FINDINGS**

   I.   **INTRODUCTION**

By way of this Motion, Plaintiff seeks to exclude evidence, testimony, argument, or reference at trial to the Town of Wethersfield's findings that the shooting was any of the following: (1) within policy; (2) reasonable; and/or (3) justified.

This Motion *in Limine* is based on several independent rationales. First, this evidence is irrelevant pursuant to Federal Rules of Evidence, Rule 402, because this evidence is immaterial to the issues to be decided by the jury in the instant case. Second, this evidence usurps the jury's role, and should be excluded under Federal Rules of Evidence, Rule 403 on the grounds this evidence would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time. Further, such evidence would be unduly prejudicial to Plaintiff under Rule 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence. Third, this Motion is also made on the grounds that the Town of Wethersfield's internal investigative findings are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

1

Further, the Town of Wethersfield or Officer Eulizier have never produced any documents during discovery which indicate whether or not Eulizier's conduct, including his use of deadly force, was found to be within Wethersfield's Police Department's policy. Wethersfield's findings and conclusions regarding this incident should be excluded at trial on this ground alone.

II.     AGUMENT

   A. **This Evidence Is Irrelevant and Should be Excluded Under Federal Rules of Evidence, Rule 402.**

Federal Rules of Evidence, Rule 402, states in part that evidence which is not relevant is not admissible. Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the individual officers at the time of the shooting incident are irrelevant. *See also Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."). This includes the post-shooting findings of Defendant Town of Wethersfield. At trial, the jury must determine whether Officer Eulizier used excessive/unreasonable force and was negligent when he shot Mr. Vega-Cruz. To determine whether the shooting was lawful, the jury will be asked to consider factors such as whether Mr. Vega-Cruz posed "a threat of serious physical harm to [Officer Eulizier] or to others" and "that such force is necessary to defend [Officer Eulizier/others] from the actual use or imminent use of deadly physical force." Connecticut Judicial Branch Civil Jury Instructions, 5.1-1 (2017). What the Town of Wethersfield's Police Department purports to determine or conclude *ex post facto* about the appropriateness or reasonableness of the shooting does not bear on any element of any claim or defense in this case. Indeed, the subsequent findings of the Town of Wethersfield are in no way probative of the factual circumstances confronting Officer Eulizier at the time of the shooting incident. Accordingly, this evidence is irrelevant as to questions of

2

Defendants' liability for the violations of Mr. Vega-Cruz's rights under federal and state law. Because evidence of the Town of Wethersfield's findings are not probative of any fact of consequence to the determination of the action, this evidence should be excluded.

Evidence regarding whether the Town of Wethersfield found this shooting to be "within policy" is also irrelevant because Plaintiff is not bringing any municipal liability or *Monell* claims at trial. This evidence is also irrelevant to the opinions by the police practices experts, who make their opinions based on the perspective of a well-trained police officer in the position of Officer Eulizier with the information known by Officer Eulizier at the time of the shooting. Further, Mr. Clark does not intend to testify that Officer Eulizier violated the Town of Wethersfield's policies specifically.

### B. This Evidence is Unduly Prejudicial and Should be Excluded Under Federal Rules of Evidence, Rule 403.

Even if the foregoing evidence had some speculative probative value, which Plaintiff contends it does not, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time. The danger presented by these administrative "findings" and "conclusions" is that they usurp the jury's role to independently weigh the evidence and reach its own conclusion based on the facts and the law. The jury should decide the case based on its own evaluation of the evidence presented and not based on what some authority figure has supposedly already decided. The danger presented by this kind of testimony is substantial. Determining the reasonableness of Officer Eulizier's actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the Town of Wethersfield, including that of their police department. On the basis of the testimony of authority figures or official-sounding determinations by high-ranking officials, the jury might be tempted to disregard the testimony of eyewitnesses, the physical and forensic evidence, the law and the jury

instructions, and instead decide that the shooting of Mr. Vega-Cruz was justified simply because an authority figure already purported to have determined that the shooting was justified. The jury might feel bound to abide by the conclusions and/or the findings of the Town of Wethersfield rather than reaching its own independent conclusions based on all of the evidence.

When balanced against the substantial risk that the findings of the Town of Wethersfield may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant to Rule 403.

### C. This Evidence is Hearsay Under Federal Rules of Evidence, Rules 801 and 802.

An entity's determination—including the Town of Wethersfield's findings—that the shooting was "justified," "within policy," and/or "lawful," would constitute hearsay under Federal Rules of Evidence, Rules 801 and 802. "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. First, the Town of Wethersfield's findings themselves are hearsay if offered at trial to prove that Officer Eulizier's conduct was reasonable, appropriate, justified or lawful. If documentation of the findings and/or conclusions are proffered at trial, then this would be hearsay as well.  Importantly, the defense never turned over such documents during discovery, and such evidence should be excluded on this ground alone.  Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives, supervisors, or other officials as to what happened during the shooting, the findings and conclusions would constitute or incorporate multiple hearsay. Furthermore, the Town of Wethersfield's internal investigation reports contain a host of inadmissible evidence that this Court may

order excluded based on Plaintiff's motion *in limine*. Accordingly, Plaintiff contends that such determinations, findings, and/or conclusions would be hearsay and are inadmissible on this ground.

### III.   CONCLUSION

For the reasons stated above, this Court should grant Plaintiff's instant Motion *in Limine* and issue an order excluding these post-shooting findings.

Respectfully submitted,

By: /S/ *Eric Valenzuela*
Eric Valenzuela
(pro hac vice)
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY COLON, et al. | : | 3:21-cv-00175-SRF |
| *Plaintiff* | : | |
| v. | : | District Judge: Hon. Sarah F. Russell |
| | : | |
| LAYAU EULIZIER, Officer, in his official and individual capacity; TOWN OF WETHERSFIELD and JOHN DOES | : | **April 15, 2025** |
| *Defendant* | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date above a copy of the foregoing **Plaintiff's Motion in Limine No. 1 To Exclude Post-Incident Agency Findings** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Dated: April 15, 2025                                    Respectfully submitted,

                                            By:   /S/*Eric Valenzuela*
                                                    Eric Valenzuela
                                                    (pro hac vice)
                                                    Law Offices of Dale K. Galipo
                                                    21800 Burbank Blvd., Suite 310
                                                    Woodland Hills, CA 91367
                                                    Phone: (818) 347-3333
                                                    Attorneys for the Plaintiff

1